**SUMMONS ISSUED**

**CV-11 3151**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

——————————————————— X

**Debra Triolo**

Docket No. JUN 30 2011 ★

**Plaintiff**

-against-

LONG ISLAND OFFICE

**Nationwide Credit, Inc.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Defendant**

——————————————————— X

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

**SEYBERT, J**
**WALL, M.J.**

### I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, DEBRA TRIOLO, is a natural person residing in SUFFOLK County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Nationwide Credit, Inc. LLC. is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. Plaintiff incurred a consumer credit card debt ("the debt"). The alleged debt of Plaintiff was incurred for a credit card used by Plaintiff for personal, family, or household services. No part of the debt was incurred for a business purposes.

10. Unfortunately, and for reasons beyond her control, Plaintiff was unable to repay such debt on time.

11. At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect such debt. Defendant has not produced, nor has Plaintiff seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

12. Within 1 year preceding the filing of this action, the Defendant telephoned the Plaintiff's residence and left messages on the telephone answering machine utilized by the Plaintiff's mother and father.

13. The messages left included the following:

*Hi this is Saline calling to confirm your location information, concerning Debbie Triolo. Call me back on my number at 866-505-9316. 866-505-9316 and my extension is 5858.*

*Hi this is Victor Shah. I'm calling to confirm location concerning Debbie Triolo. Please call me at 866-505-9316 extension to reach me, 5865. Thank you.*

14. The messages left by the Defendant for the Plaintiff did not disclose the name Defendant's name. The messages merely stated the name of the particular caller. Said communication is in violation of 15 USC 1692d(6) in that the defendant did not provide

any information by which the Plaintiff would be able to identify the Defendant. The defendant failed to meaningfully identify themselves.

15. Additionally, none of the messages left by the Defendant for the Plaintiff disclosed that the defendant was a debt collector, in violation of 15 USC 1692e(11).

16. The messages left by the Defendant were in violation of 15 USC 1692c(b) in that the messages were overheard by the Plaintiff's parents.

17. The Defendants violated 15 USC 1692b(3) in that the Defendant left more than one message on the answering machine.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19. Defendant's actions as described herein violated 15 U.S.C Section 1692e, 15 U.S.C Section 1692e(10); 15 U.S.C Section 1692e(11); 15 U.S.C Section 1692d; 15 U.S.C Section 1692d(6); and 15 U.S.C Section 1692b(3).

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

20. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

21. Defendant's actions as detailed above violate the New York General

Business Law Section 349 et seq. in that:

    A.    The Defendant telephoned the Plaintiff under the guise of seeking location information about the Plaintiff despite the fact that they knew where Plaintiff lived and had the ability to contact the Plaintiff directly.

    B.    The Defendant telephoned the Plaintiff and left messages for the Plaintiff that secreted the identity of the Defendant.

22. Defendant regularly utilize the above referenced deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large in that the Defendant utilizes such deceptive practices to other New York consumers.

23. Plaintiff seeks to enjoin the Defendant from continuing this deceptive practice in the State of New York.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages;

2. Statutory damages;

3. Injunctive Relief as described herein;

4. Costs and reasonable attorney's fees pursuant to the FDCPA;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff